UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PIERRE DEGLAIRE,

Plaintiff,

-against-

FRENCH STATE; BANKS; PRIVATE
ACTORS,

Defendants.

25-CV-10163 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is a resident of France, brings this action *pro se*. Named as Defendants are

the "French State," "Banks," and "Private Actors." For the following reasons, the Court transfers

this action, in the interest of justice, to the United States District Court for the District of

Columbia.

**DISCUSSION**

Plaintiff styles the complaint as a "Global Cross-Jurisdictional Action" and captions it for

the United States District Court for the District of Columbia, as well as the European Court of

Human Rights, and the United Kingdom's High Court of Justice. (ECF 1, at 1.) Plaintiff does not

allege that any Defendants reside in the Southern District of New York, or, as far as the Court can

tell, that a substantial amount of the events giving rise to his claims occurred in this District. On

January 8, 2026, Plaintiff filed a letter in this Court, which states, among other things, that this

case "was substantively and jurisdictionally intended to be brought" in the District of Columbia,

and that the decision to file in New York was "made solely as an emergency protective

measure."[1] (ECF 5, at 2.) Plaintiff further states that he intended to file in the District of

---

[1] Plaintiff asserts that "repeated documented interceptions of legal correspondence"

Columbia "due to the federal nature of the claims, the location of the relevant institutional actors, and the broader jurisdictional implications." (*Id.* at 1.) In his letter, Plaintiff requests, among other relief, an order "regarding the appropriate procedural mechanism for transmission, re-filing, or continuation of this matter before the United States District Court for the District of Columbia." (*Id.* at 4.)

Because the complaint initiating this action is captioned for the United States District Court for the District of Columbia, and not this court, and because Plaintiff has stated his intention to file this action in that court and has requested that the action be permitted to continue in that court, the Court transfers this action, in the interest of justice, to the United States District Court for the District of Columbia. *See* 28 U.S.C. § 1404(a) ("For the convenience of partied or witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought[.]").

## CONCLUSION

The Clerk of Court is directed to transfer this action, in the interest of justice, to the United States District Court for the District of Columbia. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this court. This order closes this case in this court.

Because Plaintiff emergency injunctive relief, the Court further directs the Clerk of Court to transfer this action to the District Court for the District of Columbia immediately upon entry of this order; the Court waives the seven-day waiting period contained in Local Civil Rule 83.1.

---

rendered remotely filing in the District of Columbia "impracticable and unsafe." (*Id.* at 2.)

2

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   January 12, 2026
         New York, New York

                                   /s/ Laura Taylor Swain
                                   LAURA TAYLOR SWAIN
                                   Chief United States District Judge

3